IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LOUIS KENT, | § | |
| | § | No. 32, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2105007121 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: July 5, 2023
Decided: September 12, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)     In June 2021, a Superior Court grand jury indicted the appellant, Louis Kent, for possession of a firearm by a person prohibited (PFBPP), possession of ammunition by a person prohibited (PABPP), possession of an altered firearm, carrying a concealed deadly weapon (CCDW), drug dealing, and traffic offenses. The charges arose from a traffic stop and subsequent pat-down search initiated by Officers Justin Wilkers and Logan Crumlish of the Wilmington Police Department around 2 p.m. on May 14, 2021.  Before trial, the defense filed a motion to suppress,

arguing that the officers lacked reasonable articulable suspicion to initiate the traffic stop.

(2)     The Superior Court held a suppression hearing over two days on June 24, 2022, and July 13, 2022.  At the hearing, the parties presented differing views of the events leading up to the traffic stop and pat-down search.  Officer Wilkers testified that he and Officer Crumlish were patrolling the west-center-city area of Wilmington when they observed a black Chrysler 300 with heavily tinted windows and a dealer's license plate come to a stop at the intersection of 7th and Monroe Streets.  After the Chrysler abruptly and loudly accelerated from the stop at a high rate of speed, causing a woman and young child who were in the roadway to jump out of the way, the officers initiated a traffic stop.  During the course of the stop, Officer Wilkers ordered Kent, the driver and sole occupant of the car, to step out of the vehicle.  According to Officer Wilkers, Kent became belligerent at that point and refused to exit the car.  Officer Wilkers also testified that Kent (and Kent's criminal history) was known to him, that a strong smell of raw marijuana emanated from the car, and that Kent admitted to being in possession of marijuana after Officer Wilkers asked Kent if he had any illegal contraband in the car.  When Kent ultimately emerged from the vehicle, Officer Crumlish performed a pat-down search and discovered a loaded 9mm Polymer80 semiautomatic handgun in Kent's waistband.  After Kent was taken into custody and transported to the police station, he consented

2

to a search of the vehicle, where the police discovered twenty-six grams of marijuana. Officer Crumlish testified similarly. Kent, through his testimony and that of several other witnesses, disputed the officers' accounts and maintained that he had not engaged in any activity that warranted the stop, the pat-down, or the search of the car.

(3) Following the hearing, the Superior Court reserved its decision and ordered supplemental briefing. On October 7, 2022, the Superior Court denied the motion to suppress.[1] In so doing, the court explicitly found the officers' testimony regarding Kent's "excessive acceleration and near collision with the pedestrian" to be credible and the traffic stop to be based on reasonable, articulable suspicion.[2] The court also found that the officers had reasonable suspicion of criminal activity before they conducted the pat-down search[3] and that the officers possessed independent probable cause to search Kent's vehicle.[4]

---

[1] *State v. Kent*, 2022 WL 5419653 (Del. Super. Ct. Oct. 7, 2022).

[2] *Id.* at *4 ("It is highly unlikely that the officers would fabricate such a story, particularly because they had a bulletproof justification for the stop [that is, the vehicle's heavily tinted windows] if they needed one.").

[3] *Id.* ("In addition to the odor and admission of possession of marijuana, [Kent] displayed nervous and pugnacious behavior, refused to comply with the officers' commands, and took a flight stance after exiting the car. Considering all of these pertinent factors, the [Superior] Court finds that reasonable suspicion of criminal activity was established under the totality of the circumstances.").

[4] *Id.* at *6 ("In this case, the police officers not only smelled an odor of raw marijuana, but also obtained [Kent's] confession that he possessed marijuana in his car. These facts, coupled with [Kent's] nervous and combative behavior and resistance in complying with the officer's order to exit the car, created probable cause for the officers to search the car.").

(4) After a stipulated bench trial, the Superior Court found Kent guilty of PFBPP, PABPP, possession of an altered firearm, CCDW, possession of marijuana (as a lesser included offense of drug dealing), and the traffic offenses. The Superior Court sentenced Kent to five years of incarceration followed by probation for the weapons and drug offenses and imposed a fifty-dollar fine for each of the traffic offenses. This is Kent's direct appeal.

(5) Kent's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, he could not identify any arguably appealable issues. Counsel informed Kent of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Kent of his right to supplement his attorney's presentation. Kent has not provided any points for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(6) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably raised on

appeal.[5] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[6]

(7)   The Court has reviewed the record carefully and has concluded that Kent's appeal is wholly without merit and devoid of any arguably appealable issue. We are also satisfied that Kent's counsel has made a conscientious effort to examine the record and the law and has properly determined that Kent could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[6] *Penson*, 488 U.S. at 81-82.